### L. C. PAGE & CO. v. SHERWOOD.

(Supreme Court, Appellate Term.   December 8, 1910.)

CORPORATIONS (§ 673*)—FOREIGN CORPORATIONS—CARRYING ON BUSINESS WITHIN STATE IN GENERAL—EVIDENCE.

In an action by a foreign corporation, evidence *held* sufficient to show that it was carrying on business within the state, and therefore not having taken out a license in compliance with General Corporation Law (Consol. Laws, c. 23) § 15, it could not maintain an action in the state courts.

[Ed. Note.—For other cases, see Corporations, Dec. Dig. § 673.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by L. C. Page & Co. against Robert E. Sherwood. From a judgment for plaintiff, defendant appeals. Reversed.

See, also, 65 Misc. Rep. 543, 120 N. Y. Supp. 837.

Argued before GUY, PLATZEK, and GAVEGAN, JJ.

Parker & Aaron (Charles Adkins Baker, of counsel), for appellant.
Edgerton, Allen & Dean (James W. Dean, of counsel), for respondent.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

GUY, J. This appeal is taken from a judgment in favor of plaintiff in an action brought to recover the value of certain books sold by plaintiff, a foreign corporation, to defendant, a bookseller in the city of New York. Action was first brought in May, 1909, and resulted in the court directing a verdict in favor of defendant on the ground that plaintiff, a foreign corporation, doing business within this state, had not procured a certificate as required by section 15 of the general corporation law (Consol. Laws, c. 23). On appeal to the Appellate Term this judgment was reversed and a new trial ordered. The grounds for reversal were: First, that as to certain of the orders the contracts were made outside of this state, and therefore did not come within the prohibition of section 15 of the general corporation law; second, that it did not sufficiently appear from the evidence that the plaintiff was doing business in the state of New York. On this trial defendant introduced evidence by a number of witnesses showing that for the last eight or nine years the plaintiff had supplied large department stores in this city with books in very considerable quantities, under contracts made in this state with the president of the plaintiff corporation; that plaintiff during a number of years maintained an office here with its name on the door, in which office it kept a stock of goods for exhibition and occasional sales; that subsequently, and before the transaction in suit, it discontinued said office, and took quarters in various hotels for the same purpose, and had continued to transact business in the same manner at these various hotels; that the plaintiff as part of the business conducted by it in this city, had done all the binding of certain works which it sold here; that the greater part of the business done by plaintiff in this state was under contracts made in this state directly with the president of the plaintiff. This evidence was to some extent contradicted by witnesses produced on behalf of defendant; but it appears sufficiently from the entire evidence that for a number of years prior to the commencement of this action, the plaintiff, as part of a regular course of dealings and a general business system, involving the expenditure annually of large sums of money, was doing business within this state; and not having complied with the requirements of section 15 of the general corporation law was, at the time of the commencement of this action, incapable of maintaining this action. As to the goods furnished under contracts made outside of this state it is conceded that payments have been made by defendant to an amount in excess thereof.

The judgment should, therefore, be reversed, and the complaint dismissed, with costs to the appellant.

Judgment reversed and complaint dismissed, with costs to the appellant. All concur.